**Robert Swider, OSB# 82127**
robert@swiderhaver.com
**Andrea A. Selkregg, OSB# 092595**
andrea@swiderhaver.com
SWIDER HAVER
621 SW Morrison, Suite 1420
Portland, OR 97205
Telephone: (503) 226-8122
Facsimile: (503) 273-8842
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SPREAD, LLC., an Oregon limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>J.C. Penney Company, Inc., a Delaware corporation; The Weinstein Company, LLC, a Delaware limited liability company; Anchor Bay Entertainment, LLC, a Delaware limited liability company; and Marchesa Holdings, LLC, a Delaware limited liability company;<br><br>    Defendants. | Case No. 3:15-cv-1714<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**<br><br>**DEMAND FOR A JURY TRIAL** |

Spread, LLC, hereinafter referred to as "Spread", files its claims against the above-named

Defendants and alleges as follows:

Complaint - 1

## NATURE OF THE ACTION

1. This is an action for copyright infringement and breach of contract. Plaintiff seeks injunctive and compensatory relief.

## PARTIES

2. Plaintiff, Spread, is a limited liability company organized and existing under the laws of the State of Oregon, having its principal place of business in Portland, Oregon.

3. Upon information and belief, Defendant, J.C. Penney Company, Inc. ("JCP"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Plano, Texas, and at all relevant times hereto, is and was a registered foreign business within the jurisdiction of the State of Oregon.

4. Upon information and belief, Defendant, The Weinstein Company, LLC ("Weinstein"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York, and at all relevant times hereto, is and was doing business within the jurisdiction of the State of Oregon.

5. Upon information and belief, Defendant, Anchor Bay Entertainment, LLC ("Anchor Bay"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Beverly Hills, California, and at all relevant times hereto, is and was doing business within the jurisdiction of the State of Oregon.

6. Upon information and belief, Defendant, Marchesa Holdings, LLC ("Marchesa"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York, and at all relevant times hereto, is and was doing business within the jurisdiction of the State of Oregon.

Complaint - 2

## JURISDICTION AND VENUE

7. This action arises under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

8. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. This Court has supplemental jurisdiction over Plaintiff's related claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a). These claims are related to the other claims in this action over which this Court has original jurisdiction in that they form a part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) based on the following:

> (a) because a substantial part of the events giving rise to this action, namely the copyright infringement, occurred in this judicial district;
>
> (b) because JCP has sufficient contacts with this district in that it does business and has several retail locations within this judicial district;
>
> (c) because Weinstein has sufficient contacts with this district in that it does business and distributes its products and services within this judicial district;
>
> (d) because Anchor Bay has sufficient contacts with this district in that it does business and distributes its products and services within this judicial district;

Complaint - 3

(e) because Marchesa has sufficient contacts with this district in that it does business and distributes its products and services within this judicial district; and

(f) Pursuant to 28 U.S.C. § 1400(a) because this case asserts claims relating to a judicial district where the Defendants have committed acts of copyright infringement in that the infringing materials were distributed and sold within this judicial district.

## FACTUAL BACKGROUND

**Spread:**

11. Plaintiff is a music recording company engaged in the business of recording, selling, licensing and distributing sound recordings and musical compositions via the internet and other forms of media.

12. Plaintiff is the exclusive owner of the following registered copyright(s):

a. The sound recordings in the album "Shadow on Stars" which includes the sound recording "I'll be the Light" ("Sound Recording"); and

b. The musical composition in "I'll be the Light" ("Musical Composition") (collectively the "Works").

**JCP:**

13. JCP is an American chain of department stores selling a variety of clothing and household goods at its nearly two thousand retail locations throughout the United States and Puerto Rico and via its website at *jcpenny.com*.

14. On information and belief, and according to JCP Securities and Exchange Commission filings, in 2013, after suffering massive fiscal losses in year 2012, JCP reorganized

Complaint - 4

the company and introduced new product lines in an attempt to recapture customers from competitor department stores. As part of JCPs attempted "renaissance", in or around February 2013, JCP announced its collaboration with Georgina Chapman of famed fashion house Marchessa, for a limited capsule collection called "Pearl by Georgina Chapman of Marchesa" (the "Pearl Line").

15. The Pearl Line was launched on March 1, 2013 for sale at JCP retail locations and at the JCP Website. It is alleged on information and belief that the Pearl Line was a major success for JCP.

**Marchesa:**

16. Marchesa is a brand specializing in high end womenswear, established in 2004 by Georgina Chapman ("Chapman") and Keren Craig. Chapman is an internationally recognized fashion designer who has starred on the hit reality television program, Project Runway. Marchesa designed gowns are often seen on celebrities at major red carpet events including the Oscars and Emmys.

17. On information and belief, in or around 2012, Marchesa, entered into a venture with JCP to design and sell the Pearl Line at JCP stores and the JCP website.

**Weinstein and Anchor Bay:**

18. The Weinstein Company is a multimedia production and distribution company launched in October 2005 by Bob and Harvey Weinstein, the brothers who founded Miramax Films in 1979. Weinstein has released a broad range of mainstream, genre and specialty films that have been commercial and critical successes. Chapman is married to Harvey Weinstein.

Complaint - 5

19. In or around November 2012, Weinstein released the film *Silver Linings Playbook* ("SLP") in theaters starring Robert De Niro, Bradley Cooper and Jennifer Lawrence. SLP achieved major critical success receiving eight Academy Award nominations, including Best Picture, Best Director, Best Adapted Screenplay; and with Jennifer Lawrence winning the Academy Award for Best Actress. It also achieved four Golden Globe Award nominations, three BAFTA nominations, four Screen Actors Guild nominations; and five Independent Spirit Award nominations.

20. Anchor Bay acquires and distributes feature films, original television programming, and other filmed entertainment on DVD and Blu-ray formats. Anchor Bay markets and sells feature films, series, television specials and short films to consumers worldwide. Anchor Bay is owned, in part, by Weinstein.

21. On or about April 30, 2013, Anchor Bay and Weinstein released SLP on DVD and Blu-ray.

**The License Agreement:**

22. On or about February 7, 2013, Audiosocket, acting as agent for Spread, entered into a licensing agreement ("License") with an advertising firm identifying JCP as "Third Party Rights Holder" for use of the Sound Recording in a project titled *JCP/Pearl Behind the Scenes*. Audiosocket has assigned all rights it may have had as licensee, to Spread.

23. The License provided the following essential terms:

    a. Use of the Sound Recording for a term of six months beginning February 22, 2013 and ending August 22, 2013;

Complaint - 6

      b. Use of the Sound Recording limited to internet use and in-store use only; and

      c. All other uses restricted including, specifically, DVD sales.

24. Pursuant to the License, the advertising firm, on JCP's behalf, created a one minute, seven second (1:07) video advertisement with a behind the scenes look at the Pearl Line (the "Advertisement").

25. The Works are featured throughout the entire Advertisement.

26. It is alleged on information and belief that pursuant to the Agreement, the Advertisement was displayed in JCP stores and on the JCP website in or around the first of March 2013 to coincide with the release of the Pearl Line.

**Infringing Uses:**

27. In or around May 2013, shortly after its release, Spread discovered the entire Advertisement, including the Works, featured at the beginning of the SLP DVD. It is unclear at this time if the Advertisement was included on any other Weinstein and Anchor Bay DVDs and/or if the Advertisement was included before screening of SLP in theaters.

28. It is alleged on information and belief that Chapman and JCP directed Weinstein and Anchor Bay to include the advertisement on the SLP DVDs despite knowing the License specifically excluded use of the Works on DVDs.

29. Spread did not give JCP or Marchesa or Weinstein and Anchor Bay authority to use the Sound Recording or Musical Composition on the SLP DVDs.

30. Upon discovery of the infringing use, Spread contacted the Defendants demanding they immediately cease and desist from infringing use. Specifically, Spread demanded, among

Complaint - 7

other things, that (1) the Works and any advertisement containing the same be removed from all DVDs; (2) to destroy all existing DVDs containing the infringing material; and (3) to inform all third-party distributors of the infringing DVDs of the infringing use.

31. Despite demand, DVDs containing the infringing materials continue to be offered for sale in the marketplace.

32. In addition to the above, in or around the same time the infringing DVD was released, Spread entered into an agreement to license the Sound Recording and Musical Composition to Lord & Taylor, a JCP competitor, for a limited 3 month use in Lord & Taylor advertising to be shown in cinemas throughout the Eastern United States. When Lord & Taylor discovered that the Sound Recording and Musical Composition had been included on the SLP DVD, albeit unlawfully, Lord & Taylor terminated the agreement with Spread.

## FIRST CLAIM FOR RELIEF

### Federal Copyright Infringement (17 U.S.C. § 101 *et. seq.*) as to all Defendants

33. Spread repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all proceeding paragraphs.

34. Spread is the owner of all rights, title and interest in and to the Sound Recording and Musical Composition.

35. Weinstein and Anchor Bay have infringed Spread's copyrights in the Works by reproducing, distributing, performing and displaying the Works without authorization.

36. JCP and Marchesa have infringed Spread's copyrights in the Works by directing Weinstein and Anchor Bay to reproduce, distribute, perform and display the Works without authorization.

Complaint - 8

37. Weinstein, Anchor Bay, JCP and Marchesa's above described conduct constitutes infringement of Spread's copyrights in the Works and exclusive rights to the same under the Copyright Act in violation of Section 106, 114 and 501 of the Copyright Act.

38. Each infringement of Plaintiff's rights in and to the Works constitutes a separate and distinct act of infringement.

39. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

40. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights Plaintiff is entitled to its damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

41. Plaintiff is further entitled to its costs pursuant to 17 U.S.C. § 505.

42. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, irreparable injury that cannot be fully compensated for in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of its copyrights in the Works.

### SECOND CLAIM FOR RELIEF
### Breach of Contract as to JCP

43. Plaintiff repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all preceding paragraphs.

44. On or about February 7, 2013, Spread entered into the License agreement with JCP whereby Spread licensed the Sound Recording to the same for a fee.

45. Spread performed all of its obligations under the License.

46. JCP breached the License by displaying, reproducing, distributing and performing, or causing others to display, reproduce, distribute and perform the Works in mediums specifically prohibited under the License and for a term outside the limited six month term provided for under the License.

47. As a direct and proximate cause of JCPs breach, Spread has suffered damages in an amount to be proven at trial to the extent Spread was not compensated for the unauthorized uses.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment as to all Defendants

48. Spread repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all preceding paragraphs.

49. Defendants have received and/or will receive an unjust benefit from their unauthorized use of the Works, to the detriment of Spread, and such benefit violates the fundamental principles of justice, equity and good conscience. Accordingly, any such enrichment is unjust and should, in equity, be returned to Spread.

50. As a direct and proximate result of Defendants' unlawful use of Spread's property and property rights, Spread has been irreparably harmed and Defendants have been unjustly enriched at Spread's expense. Accordingly, Spread is entitled to an order requiring Defendants to disgorge any and all such unjustly gained profits to Spread.

### PRAYER FOR RELIEF

**WHEREFORE,** Spread prays for relief as follows:

On its First Claim for Relief for Copyright Infringement for:

1. An Order that Defendants, their officers, directors, agents, servants, partners, employees, attorneys, licensees, assigns, and all persons acting for, with, by, through or in concert with it be enjoined preliminarily and permanently from:
    a. copying, reproducing, distributing, adapting and/or publicly displaying the Works;
    b. infringing Spread's copyrights in each of the Works; and
    c. advertising, marketing, promoting, offering for sale, or selling any goods that infringe Plaintiff's Works.
2. That Defendants be required to deliver up to Plaintiff for destruction any DVDs including any of the Works or any other works deemed to be infringing.
3. That Defendants, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Spread's attorney a written report, under oath, setting forth in detail the manner in which Defendants have complied with Paragraphs 1 and 2 above.
4. Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), in such amount as may be proven at trial.
5. Prejudgment interest.
6. Cost of suit
7. Such other and further relief as the Court may deem equitable.

On its Second Claim for Relief for Breach of Contract for:

1. Damages in an amount to be determined upon proof at trial;
2. Prejudgment interest.

Complaint - 11

3. Cost of suit

4. Such other and further relief as the Court may deem equitable.

On its Third Claim for Relief for Unjust Enrichment

1. That the Court order disgorgement and/or restitution of Defendants' profits to Plaintiff.

2. That Plaintiff have such other and further relief as the Court may deem equitable.

Dated: September 10, 2015

                                          SWIDER HAVER LLP

                                          Andrea A. Selkregg, OSB 092595

## JURY DEMAND

Pursuant to Rule 30 of the Federal Rules of Civil Procedures, Plaintiff hereby demands a trial by jury as to all issues set forth in the Complaint.

Dated: September 10, 2015

                                          SWIDER HAVER LLP

                                          Andrea A. Selkregg, OSB 092595