**Duane A. Bosworth, OSB #825077**
duanebosworth@dwt.com
**Timothy Cunningham, OSB #100906**
timothycunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SPREAD, LLC,** an Oregon limited liability company,<br><br>**PLAINTIFF**,<br><br>v.<br><br>**J.C. Penney Company, Inc.,** a Delaware corporation; **The Weinstein Company, LLC,** a Delaware limited liability company; **Anchor Bay Entertainment, LLC,** a Delaware limited liability company; and **Marchesa Holdings, LLC,** a Delaware limited liability company,<br><br>**DEFENDANTS**. | Case No. 3:15-cv-1714-SI<br><br>**DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS** |

## I.  INTRODUCTION

Plaintiff concedes that its breach of contract claim is preempted by the Copyright Act, but urges this Court to allow it to keep its unjust enrichment claim against J. C. Penney Company, Inc. ("JCPenney Company") because it is "pleaded in the alternative," and because, it argues,

Page 1 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

unjust enrichment is qualitatively different under Oregon law from a claim for copyright infringement, which requires some form of intent.

Dispositively, however, plaintiff's unjust enrichment claim must be dismissed because it specifically includes the allegation that JCPenney Company has "infringed Spread's copyrights in the Works by directing Weinstein and Anchor Bay to reproduce, distribute, perform and display the Works without authorization." Complaint ¶ 48 (realleging and incorporating Complaint ¶ 36). As alleged, plaintiff's unjust enrichment claim is *qualitatively identical* to its claim for copyright infringement and is therefore preempted.

Even if plaintiff attempted to amend its complaint concerning JCPenney Company, plaintiff's present arguments would be futile. First, whether a claim is brought "in the alternative" has no bearing on whether or not it is preempted by the Copyright Act—plaintiff's unjust enrichment claim on the alleged facts would be preempted even if it were the only claim plaintiff advanced. Second, the presence or absence of "intent" does not make a claim qualitatively different from a claim under the Copyright Act. Third, plaintiff doesn't tell the Court about vicarious liability under the Copyright Act which *does not* require knowledge or intent, making Oregon's action for unjust enrichment equivalent under any circumstances, and therefore preempted.

## II. ARGUMENT

### A. Plaintiff's arguments are inconsistent with its pleading.

Plaintiff's argument flows from the premise that JCPenney Company could argue that it had no knowledge, control or intent regarding the alleged infringement, and could therefore escape liability for copyright infringement, requiring this court to recognize its claim for unjust enrichment.[1] However, plaintiff's unjust enrichment claim is based on the express allegation

---

[1] As discussed below, plaintiff's theory is wrong—"intent" does not differentiate a common law claim from a claim under the Copyright Act, and even if it did under some circumstances, liability under the Copyright Act does not require intent, making the claim equivalent to a claim for unjust enrichment.

Page 2 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

that JCPenney Company "infringed Spread's copyrights in the Works by directing" the other defendants "to reproduce, distribute, perform and display the Works without authorization." Complaint ¶ 48 (realleging and incorporating Complaint ¶ 36). That allegation is not susceptible to the theory advanced by plaintiff in its opposition—namely that JCPenney Company could somehow escape liability under the Copyright Act. As alleged, plaintiff's unjust enrichment claim is purely a copyright claim in disguise.

### B. Unjust enrichment is preempted even if brought in the alternative.

Even if plaintiff were allowed to amend to allege facts more consistent with its argument, an amended complaint asserting that plaintiff's unjust enrichment claim flows from JCPenney Company's status as an "innocent" infringer would still be preempted by the Copyright Act—even if brought in the alternative. Plaintiff first argues that it alleges unjust enrichment in the alternative, Opposition Dkt. 16 ("Opp."), at 2, and that parties are allowed to advance alternative theories. *Id.* at 4. But plaintiff's claim for unjust enrichment against JCPenney Company is preempted *whether or not* plaintiff advances it in the alternative to a copyright claim.[2] "[P]reempted claims are not saved from preemption just because they are pled in the alternative." *Synopsys, Inc. v. ATopTech, Inc.*, No. C 13–cv–02965 SC, 2013 WL 5770542, at *7 (N.D. Cal. Oct. 24, 2013) (citing *Lewis v. Activision Blizzard, Inc.*, No. C 12-1096 CW, 2012 WL 5199505, at *4 (N.D. Cal. Oct. 22, 2012) ("[A] state law claim that is preempted by copyright law may not be plead under the guise of an alternative or inconsistent theory of recovery.")). That plaintiff proceeds in the alternative is irrelevant to whether a claim for unjust enrichment is preempted by the Copyright Act. For the reasons discussed in defendants' motion to dismiss and herein, the claims are equivalent, and plaintiff's claim for unjust enrichment is preempted however presented.

---

[2] Plaintiff's opposition suggests that its unjust enrichment claim could survive only as applied to defendant JCPenney Company. Even if plaintiff intends its claim to survive against all parties, it is preempted, as against all parties, for the reasons discussed herein.

Page 3 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### C. The presence or absence of "intent" does not make an unjust enrichment claim qualitatively different.

Plaintiff's main argument is that a claim under Oregon law for unjust enrichment is qualitatively different from a claim for copyright infringement because "copyright infringement . . . requires some intentional, wrongful act," while "an unjust enrichment claim under Oregon law requires no intentional act by the party receiving the benefit." Opp. At 3-4. Plaintiff's argument fails on multiple levels. First, the "extra element" of intent or knowledge is insufficient to make a state law claim qualitatively different than a copyright claim. Second, under the Copyright Act, defendants can be liable *without any intent or knowledge* through vicarious liability.

#### 1. Intent or knowledge does not constitute a qualitative difference.

Plaintiff's argument that the Copyright Act requires some level of intent or volition—even if true (which it is not)—does not make Oregon's law of unjust enrichment qualitatively different than a claim for infringement.[3] As a general rule, an additional element of "intent" or "knowledge" is insufficient to make a state law claim qualitatively different than a claim for infringement. *Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) ("Awareness or intent, for instance, are not extra elements that make a state law claim qualitatively different."); *see also Computer Assocs. Intern. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992) ("An action will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." (internal quotation and citation omitted)); *Dynamic Measurement Grp., Inc. v. Univ. of Oregon*, --F. Supp. 3d ---, 2015 WL

---

[3] Though the test for preemption is typically framed as whether the state law claim contains an "extra element," plaintiff is arguing that it needs to prove *fewer* elements under Oregon's law for unjust enrichment. But "[t]he fact that the state cause of action is composed of fewer elements of proof than a copyright infringement claim" does not prevent preemption. *Harper & Row Pub., Inc. v. Nation Enters.*, 501 F. Supp. 848, 852 (S.D.N.Y. 1980), *aff'd*, 723 F. 2d 195 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985); *see also Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) (citing *Harper & Row* with approval), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

Page 4 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4644637, at *8 (D. Or. Aug. 4, 2015) (finding a claim for conversion preempted despite the additional element of intent).

> The extra element [of intent] in a conversion claim does not necessarily change the nature of the underlying rights at issue. A conversion claim arising from the unauthorized reproduction and distribution of a copyrighted work only interferes with the plaintiff's intangible property right and is equivalent to a claim for copyright infringement. Likewise, claims for unjust enrichment are also generally preempted.

*Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (internal citation omitted). Because fewer elements in a state law claim do not prevent preemption, plaintiff's theory that intent is *not required* under Oregon's law of unjust enrichment does not make the claim qualitatively different.

The core question under preemption is whether the state law claim "changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Summit Machine Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993) (internal quotation and alteration omitted). Whether or not defendants *intended* as much, plaintiff's unjust enrichment claim seeks to recover money gained by defendants through the unauthorized reproduction and distribution of plaintiff's copyrighted works. That action is qualitatively identical to a copyright claim and is preempted. *E.g. Dynamic Measurement Grp.*, 2015 WL 4644637, at *14 (D. Or. Aug. 4, 2015) (finding that the Copyright Act preempts a claim for unjust enrichment under Oregon law).

### 2. Liability under the copyright act does not require intent.

Even if the element of "intent" created a qualitatively different claim than a copyright infringement claim under some circumstances, liability under the Copyright Act *can and does* attach without any intent, making an unjust enrichment claim equivalent to copyright infringement and preempted. As plaintiff would have it, "[u]nlike copyright infringement," Oregon's law of unjust enrichment, "requires no intentional act by the party receiving the

Page 5 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

benefit." Opp. at 4. To the contrary, an "innocent" infringer taking no affirmative action may *still be liable under the Copyright Act* for vicarious infringement, where it receives a benefit.[4]

Plaintiff's argument hinges on the proposition that "copyright infringement still requires some intentional, wrongful act." Opp. at 3. Plaintiff's contention is overbroad. Although *direct* or *contributory* copyright infringement require "copying," which, as plaintiff describes, requires some volitional act, *vicarious* liability for copyright infringement may be incurred despite any knowledge, intention, or action whatsoever. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("We recognize three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement."). Plaintiff cites *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d. Cir. 1971), for its proposition, and *Gershwin* itself explains the different standards. The portion cited by plaintiff explains contributory infringement, and the previous portion of the same opinion explains that "it has long been held that one may be liable for copyright infringement *even though he has not himself performed the protected composition*. For example, a person who has promoted or induced the infringing acts of the performer has been held jointly and severally liable as a 'vicarious' infringer, even though he has no actual knowledge that copyright monopoly is being impaired." *Id.* at 1161-62. Within the Ninth Circuit, liability for vicarious infringement is framed even more broadly: "[a] defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and 'has the right and ability to supervise' the infringing activity." *Ellison*, 357 F.3d at 1076 (citation omitted) (emphasis in original). Vicarious liability for infringement has extended as far as

---

[4] In its effort to differentiate Oregon's law of unjust enrichment, plaintiff overstates the extent to which a claim for unjust enrichment could be enforced against an "innocent" recipient of a benefit. *Tupper v. Roan*, 349 Or. 211, 221 (2010), on which plaintiff exclusively relies, noted that plaintiff was still required to prove that the recipient acquired the benefit *with notice* that it was wrongfully obtained. *Id.* at 221, 224. In that respect, unjust enrichment is not qualitatively different than an action for copyright infringement, which, as discussed below, may still be enforced vicariously against parties who took no action whatsoever.

Page 6 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

attaching liability to a party who *expressly prohibited* the infringer from performing the infringing conduct. *Rexnord, Inc. v. Modern Handling Sys., Inc.*, 379 F. Supp. 1190, 1196 (D. Del. 1974).

The nature of liability for vicarious infringement is thus indistinguishable from Oregon's law of unjust enrichment. As with plaintiff's theory of unjust enrichment, vicarious liability under the Copyright Act attaches where the defendant receives a benefit, and attaches whether defendant acted intentionally or not. Whether or not JCPenney Company "instructed or participated in the infringement," Opp. at 4, it can be liable as a vicarious infringer who enjoyed a direct financial benefit, and had the ability—whether exercised or not—to supervise the infringing activity. As discussed, defendant has expressly pleaded that "JCP directed Weinstein and Anchor Bay to include the advertisement on the SLP DVDs." Complaint ¶ 28. But even if amended to assert JCPenney Company's "innocent" receipt of a benefit, JCPenney Company would be liable under the Copyright Act for vicarious infringement, making plaintiff's claim for unjust enrichment equivalent, and therefore preempted.

### III. CONCLUSION

Plaintiff's allegations of direct infringement by JCPenney Company are dispositive of its argument that its unjust enrichment claim survives preemption. Both claims seek to recover for JCPenney Company's alleged exploitation of plaintiff's copyrighted works, and both claims rely on the allegation that the infringement was "directed" by JCPenney Company.

Leave to amend could not save plaintiff's unjust enrichment claim. Even if the claim is alleged "in the alternative" an unjust enrichment claim is preempted by the Copyright Act because the claim is equivalent to a claim for infringement. Both claims seek recovery of money from defendants' alleged reproduction and distribution of plaintiff's copyrighted work, regardless of the element of "intent." Moreover, despite plaintiff's argument to the contrary, there is no "intent" element required to establish a claim under the Copyright Act—it is

Page 7 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

equivalent to a claim for unjust enrichment.  Because the claims are equivalent, plaintiff's unjust enrichment claim is preempted and should be dismissed.

DATED this 2nd day of November, 2015.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Duane A. Bosworth
Duane A. Bosworth, OSB #825077
duanebosworth@dwt.com
Timothy Cunningham, OSB #100906
timothycunningham@dwt.com
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Defendants

Page 8 - DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO DISMISS

DWT 28186571v2 0105412-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax