IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SPREAD, LLC**, an Oregon limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>**J.C. PENNEY COMPANY, INC.**, a Delaware corporation; **THE WEINSTEIN COMPANY, LLC**, a Delaware limited liability company; **ANCHOR BAY ENTERTAINMENT, LLC**, a Delaware limited liability company; and **MARCHESA HOLDINGS, LLC**, a Delaware limited liability company,<br><br>        Defendants. | Case No. 3:15-cv-1714-SI<br><br>**OPINION AND ORDER** |

Robert Swider and Andrea A. Selkregg, SWIDER HAVER, 621 SW Morrison, Suite 1420, Portland, OR 97205. Of Attorneys for Plaintiff.

Duane A. Bosworth and Timothy Cunningham, DAVIS WRIGHT TREMAINE, LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff brings this action against Defendants for (1) copyright infringement in violation of 17 U.S.C. § 101, *et.seq.* and (2) unjust enrichment.[1] Alleging that Defendants, without

---

[1] In its Complaint, Plaintiff also alleged breach of contract. In its Response to Defendants' Motion to Dismiss, Plaintiff voluntarily dismissed its breach of contract claim. Dkt. 16 at 5.

PAGE 1 – OPINION AND ORDER

authorization, caused Plaintiff's sound recording and musical composition of "I'll Be the Light" ("Works") to be used in an advertisement on the DVD of the film *Silver Linings Playbook*, Plaintiff seeks injunctive relief and monetary damages. Defendants move to dismiss Plaintiff's claim for unjust enrichment. For the reasons below, Defendants' motion is granted.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

PAGE 2 – OPINION AND ORDER

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

For the purposes of this motion, the Court accepts the following well-pleaded material facts as true. Plaintiff is the exclusive owner of the copyrights in the Works. On or about February 7, 2013, Plaintiff's agent entered into a licensing agreement ("License") with an advertising agency to license the Works to Defendant J.C. Penney Company ("J.C. Penney"). The License authorized J.C. Penney to use the Works in advertisements that showcased a new fashion-line designed by Georgina Chapman, one of the founders of Defendant Marchesa Holdings, LLC. The License specifically excluded use of the Works on DVDs.

Sometime around May 2013, Plaintiff discovered that the beginning of the *Silver Linings Playbook* DVD featured a J.C. Penney advertisement that included the Works. Defendants The Weinstein Company ("Weinstein") and Anchor Bay Entertainment ("Anchor Bay") released and distributed the DVD. Plaintiff alleges that Ms. Chapman and J.C. Penney "directed" Weinstein and Anchor Bay to include the advertisement containing the Works on the DVD. Dkt. 1 ¶ 28.

## DISCUSSION

The Copyright Act, 17 U.S.C. § 101, *et. seq.*, preempts all rights created by state common law or statute "that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). The Ninth Circuit employs a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). "Claims under state law are preempted where: (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are equivalent to any of the exclusive rights within the general scope of copyright." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004) (citation and quotation marks omitted), *amended on*

PAGE 3 – OPINION AND ORDER

*other grounds on denial of reh'g*, 400 F.3d 658 (9th Cir. 2005). To avoid preemption under the second prong of the Ninth Circuit's test, a state law claim concerning rights within the general scope of copyright must "include[] an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (quoting *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439–40 (9th Cir. 1993)).

Plaintiff concedes that the Works come within the subject matter of copyright. Plaintiff argues, however, that under Oregon law, an unjust enrichment claim is qualitatively different from a federal copyright infringement claim. According to Plaintiff, the unjust enrichment does not require proof of intent and is thus not preempted. Plaintiff cites the case *Tupper v. Roan*, 349 Or. 211 (2010), for the proposition that in Oregon, "even a 'mistake' might result in unjust enrichment." *Id.* at 220. According to Plaintiff, this is a qualitative difference from a claim of copyright infringement, which, argues Plaintiff, requires some intentional, wrongful act.[2]

The parties did not provide and the Court could not locate any binding precedent within the Ninth Circuit on the issue whether an intent requirement changes the qualitative nature of a

---

[2] Because the Court decides the case on other grounds, the Court does not expressly reach the question whether copyright infringement requires intent. Ninth Circuit case law suggests, however, that a party may prove liability for vicarious copyright infringement without establishing an intentional, wrongful act. *See, e.g.*, *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004) (stating that to prove vicarious infringement, a plaintiff must show that a defendant "derived a direct financial benefit from the infringement and had the right and ability to supervise the infringing activity").

The Court also does not expressly reach the question whether unjust enrichment lacks some form of an intent requirement under Oregon law. Oregon case law suggests that unjust enrichment may at least require notice that a benefit is being obtained. *See Wilson v. Gutierrez*, 261 Or. App. 410, 414 (2014) ("The elements of the quasi-contractual claim of unjust enrichment are (1) a benefit conferred, (2) awareness by the recipient that she has received the benefit, and (3) it would be unjust to allow the recipient to retain the benefit without requiring her to pay for it.") (quoting *Cron v. Zimmer*, 255 Or. App. 114, 130 (2013)).

PAGE 4 – OPINION AND ORDER

claim. Other courts that have addressed the issue, however, have found that an intent or knowledge element does not qualitatively change a cause of action. *See, e.g.*, *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) ("Awareness or intent, for instance, are not extra elements that make a state law claim qualitatively different."); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) ("[C]onversion claims generally are preempted even though there is an additional element of intent. . . . The extra element in a conversion claim does not necessarily change the nature of the underlying rights at issue.") (citation omitted). Notably, although Plaintiff argues that Oregon law is unique, the Ninth Circuit has recognized that the Copyright Act preempts an unjust enrichment claim under California law. *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 976 (9th Cir. 2011).

Additionally, at its heart, Plaintiff's argument is not that unjust enrichment requires an extra element; Plaintiff is arguing that unjust enrichment requires proof of fewer elements than copyright infringement. That a "state cause of action is composed of fewer elements of proof than a copyright infringement claim is not in itself dispositive" of whether the state claim is or is not equivalent to copyright infringement. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 501 F. Supp. 848, 852 (S.D.N.Y. 1980), *aff'd*, 723 F.2d 195 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985); *see Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976-77 (9th Cir. 1987), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (citing *Harper & Row* with approval). A plaintiff must show that the state cause of action "protect[s] rights under the facts of a particular case which are qualitatively different from the rights of reproduction, performance, distribution, or display." *Harper & Row*, 501 F. Supp. at 852.

Plaintiff's claim for unjust enrichment "re-alleges and incorporates by reference" the allegations in the copyright infringement claim. Dkt. 1 ¶ 48. The foundation of Plaintiff's unjust enrichment claim is Plaintiff's contention that Defendants wrongfully used the Works, to Plaintiff's detriment. Plaintiff's ownership of the Works and Defendants' wrongful use of the Works "are part and parcel of the copyright claim." *Del Madera*, 820 F.2d at 977. The rights Plaintiff seeks to protect in its unjust enrichment claim—the rights to exclusively reproduce, perform, distribute, and display the Works—are equivalent to those protected by the Copyright Act. The mere absence of an intent requirement does not make Plaintiff's unjust enrichment claim qualitatively different from the copyright infringement claim. Therefore, Plaintiff's unjust enrichment claim is preempted.[3]

## CONCLUSION

Defendants' Motion to Dismiss (Dkt. 10) is GRANTED.

**IT IS SO ORDERED**.

DATED this 7th day of January, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[3] As discussed on the record during oral argument, the Court anticipates that this case will progress only on Plaintiff's First Claim, alleging copyright infringement. If, at some later time in this litigation, Plaintiff believes that developments in the case warrant the Court's consideration of a motion to amend to add a revised claim of unjust enrichment, Plaintiff has leave to file such a motion. To the extent that Defendants then object to any such motion on preemption grounds, the Court would consider the arguments of all parties on these issues at that time.